**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6972**

---

TIMMY ALLEN RICE,

                                        Petitioner - Appellant,

          versus

GERALD MALDONADO, Warden of Estill Federal
Correctional Institution; UNITED STATES OF
AMERICA,

                                        Respondents - Appellees.

---

**No. 04-7319**

---

TIMMY ALLEN RICE,

                                        Petitioner - Appellant,

          versus

GERALD MALDONADO, Warden of Estill Federal
Correctional Institution; UNITED STATES OF
AMERICA,

                                        Respondents - Appellees.

---

Appeals from the United States District Court for the District of
South Carolina, at Charleston.  G. Ross Anderson, Jr., District
Judge. (CA-03-1586-2)

---

Submitted:  December 16, 2004      Decided:  December 21, 2004

Before MICHAEL, KING, and SHEDD, Circuit Judges.

No. 04-6972, Dismissed; No. 04-7319, Affirmed, by unpublished per curiam opinion.

Timmy Allen Rice, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

These two related appeals have been consolidated on appeal. In No. 04-6972, Timmy Allen Rice, a federal prisoner, seeks to appeal the district court's order construing his motion to reconsider as a second or successive motion under 28 U.S.C. § 2255 (2000), and dismissing it for lack of jurisdiction. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Rice has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Rice's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d

- 3 -

200, 208 (4th Cir.), <u>cert. denied</u>, 124 S. Ct. 496 (2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.  28 U.S.C. § 2244(b) (2000); 28 U.S.C. § 2255 ¶ 8.  Rice's claims do not satisfy either of these conditions.  Therefore, we decline to authorize Rice to file a successive § 2255 motion.

In No. 04-7319, Rice appeals the district court's order denying his motion to proceed on appeal in forma pauperis for failing to comply with Fed. R. App. P. 24(a).  As the district court was correct in its ruling, we affirm its decision.  In both appeals, we deny leave to proceed on appeal in forma pauperis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-6972:  <u>DISMISSED</u>
No. 04-7319:  <u>AFFIRMED</u>

- 4 -